FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
3/6/2023 10:07 AM
JAMIE SMITH
DISTRICT CLERK
23DCCV0008

CAUSE NO. _____

| | | |
|---|---|---|
| **BRANDON MILLSAPS** | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **V.** | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| **CONTINENTAL CASUALTY COMPANY AND SHANNON NESTER** | § § § | |
| | § | |
| *Defendants.* | § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Plaintiff **BRANDON MILLSAPS** complaining of the actions of the Defendants **CONTINENTAL CASUALTY COMPANY** and **SHANNON NESTER** and in support thereof would respectfully show unto this Court the following:

### I. PARTIES

Plaintiff, **BRANDON MILLSAPS,** Individually, is a resident of Beaumont, Jefferson County, Texas.

Defendant **CONTINENTAL CASUALTY COMPANY** ("**CONTINENTAL**") is a corporation organized and existing under the laws of Delaware with a principal place of business in Chicago, Illinois with its headquarters located at 333 South Wabash Avenue, Chicago, IL 60685. At all relevant times, **CONTINENTAL CASUALTY COMPANY** was (and continues to be) an insurance company that provides boiler and machinery insurance, boiler inspections and maintenance evaluations throughout the United States and has approximately three (3) locations

in Texas. Continental may be served by serving its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

Defendant **STUART SHANNON NESTER** ("**NESTER**") is an individual who resides in Bexar County, Texas and at times relevant hereto acted as **CONTINENTAL'**s Jurisdictional Inspector. He may be served with process at his residence: 526 College Blvd., San Antonio, Texas 78209-3622.

## II.    JURISDICTION AND VENUE

Both jurisdiction and venue are proper in the cause of action pursuant to the TEXAS CIVIL PRACTICE AND REMEDIES CODE because the conduct at issue and made the subject of this lawsuit occurred, for the most part, in Jefferson County, Texas. The Defendants conducted various inspections and evaluations at Marshall Middle School located in Beaumont, Texas. **CONTINENTAL** regularly conducts business in the State of Texas by entering into contracts with Texas entities and conducting safety inspections and testing and maintenance evaluations of boilers in Texas.

Any attempt to remove this action under, *inter alia*, 28 U.S. Code § 1441, would be brought in bad faith as there is not complete diversity between the Parties (Plaintiff and Defendants). Further, there is a lack of diversity among the parties since Plaintiff as well as Defendant **NESTER** are deemed citizens of the State of Texas. Additionally, Plaintiff is not making any claims for relief under federal law. As such, removal of this action to federal court is *per se* improper and will be met with an immediate motion for remand including a request that sanctions be imposed against any defendant for its improper removal of this action.

### III.   DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 3 as set forth in TEXAS RULES OF CIVIL PROCEDURE Rule 190.4.

### IV.   FACTUAL BACKGROUND

On January 28, 2016 an unsafe heating boiler released dangerous levels of carbon monoxide into Marshall Middle School located in Beaumont, Texas. The toxic fumes overcame many students and staff, including Plaintiff herein, causing immediate symptoms such as headaches, lethargy, vomiting and unconsciousness. The school principal sought emergency services. First responders reported to the school, measured (in real time) exceedingly high levels of carbon monoxide and immediately evacuated the school. Those sickened by the fumes were transported to local hospitals and emergency treatment facilities. Upon further evaluation and objective testing, some of those exposed to these dangerous levels of carbon monoxide were determined to have sustained permanent brain damage as a result of this exposure.

On November 5,2015, just eighty-two (82) days before that fateful January morning at Marshall Middle School, **CONTINENTAL**, which operates under the trade name CNA, conducted a safety inspection on the boiler at issue and, without even placing it into operation as feasible, failed to conduct an adequate inspection, and failed to ensure the interlock device was working, then erroneously and recklessly reported it was safe to operate. It was not. Additionally, **CONTINENTAL** undertook and contracted to perform testing and maintenance evaluations of the boilers at Marshall Middle School.

**CONTINENTAL** through its employees, agents and servants, including Defendant **NESTER**, knew or should have known that BISD and Marshall Middle School relied upon the certifications and safety inspections and contractual obligations so steps could be taken to identify

risk, rectify dangerous equipment conditions and use or maintenance, reasonable and state-mandated testing and inspection programs, and otherwise prevent injury to persons in Marshall Middle School, including without limitation the Plaintiffs.

**CONTINENTAL** and **NESTER** knew or reasonably should have known that:

(i) Marshall Middle School was not safe;

(ii) The boilers were in an unsafe condition, were readily available for use—and being actively used—in Marshall Middle School, and that there was a risk that the boilers would be used or put into service;

(iii) Marshall Middle School was in need of Continental's expertise and advice with respect to safe use and inspection of the boiler and, in fact, Continental was paid for that advice;

(iv) **CONTINENTAL** and its agents and/or employees, including but not limited to **NESTER** negligently, grossly negligently, recklessly, willfully and wantonly failed to identify the defects of the boiler and its appurtenances during inspection as governed by the Act, its contract with BISD, Texas common law, and its undertaking; and

(v) Students, staff and the community at Marshall Middle School were at risk as a result of their proximity to the boiler, and ultimately were harmed as a result of **CONTINENTAL**'s and **NESTER**'s failures.

**CONTINENTAL** and **NESTER** failed to ensure a proper, adequate, or compliant state safety inspection and testing-and-maintenance evaluation were performed on the boiler and its appurtenances including, among other defects, the ventilation fans and boiler interlock, as required by the Act, Texas common law, and its contract with BISD and other applicable standards of care.

**CONTINENTAL** and **NESTER** did not identify in the inspection (a) the risks posed by the boiler, (b) the unsafe condition of the boiler, or (c) actions required for safe use and correction or repairs, though Continental was required to do so by the Act, its contract with BISD, Texas common law, and its undertaking to adhere to applicable standards of care.

**CONTINENTAL** and **NESTER** failed to provide information related to the unsafe conditions of the heating boiler, TX160840, in the inspection reports, either as a result of negligence, deliberate indifference, or willful and wanton conduct.

**CONTINENTAL** and **NESTER** took no actions designed to notify BISD and/or Marshall Middle School to take steps to reduce risks posed by the boilers that were known, or should have been known, by **CONTINENTAL** and **NESTER**.

**CONTINENTAL** and **NESTER** by their above-described course of conduct and omissions, led the students, staff, and community at Marshall Middle School and BISD to believe the boilers were safe, or were operating safely, when they were not.

**CONTINENTAL** and **NESTER** were negligent, negligent *per se*, and grossly negligent, and breached its duties owed to students, staff, and the community at Marshall Middle School under the ACT, Texas common law, and under any other applicable standards of care, when they negligently failed to:

(i) Conduct its external inspection while the heating boiler was in operation as required by the ACT, **CONTINENTAL**'s own inspection procedures and applicable standards of care;

(ii) Identify the damaged and unsafe state of the boilers and their appurtenances including, the boiler's tubes, refractory, burners, casing and the absence of a properly functioning ventilation interlock device;

(iii) Conduct a proper safety inspection on the boilers and their appurtenances including, the boiler's tubes, refractory, burners, casing and the ventilation interlock device;

(iv) Properly document findings or violations identified during the inspection;

(v) Remove the boilers from operation, report the unsafe condition to the State's Chief Inspector, and red tag the boilers to prevent further usage until the boilers could be made safe for operation;

(vi) Advise BISD and Marshall Middle School that the boilers

(1) were unsafe;

      (2)    required various repairs, testing and servicing; and

      (3)    required removal from service to prevent their use, and, if used, additional precautionary maintenance measures to prevent injury from the use; and

(vii)    Address in the inspection the unsafe conditions of the boilers and the need for one or more of the boilers to be repaired and/or replaced.

**CONTINENTAL** and **NESTER**, in breach of their duties under the ACT, contract with BISD, Texas common law, and the applicable standards of care, negligently led students, staff and the community at Marshall Middle School to believe that the boilers were safe when they were not.

At all times material hereto, **CONTINENTAL** and **NESTER** was under a duty to use reasonable care to follow all applicable standards of care, including, but not limited to, those standards enacted as laws for the safety of the public as set forth in the ACT, Texas common law, its contract and its undertaking to adhere to applicable standards of care, and its failures to do so is negligence in and of itself.

**CONTINENTAL**'s and **NESTER**'s failure to exercise reasonable care in the performance of the undertaken duties increased the risk of harm to students, staff, and other persons at Marshall Middle School. Plaintiffs and BISD relied on **CONTINENTAL** and **NESTER** to perform their undertakings as required by the TEXAS BOILER ACT, contract with BISD and other applicable standards of care to inspect, make safe and certify the boilers. Plaintiffs suffered harm because they and BISD relied upon **CONTINENTAL**'s and **NESTER**'s undertaking to ensure the safety of Boiler TX160840 at Marshall Middle School and certify its safe condition to the State of Texas. **CONTINENTAL**'s and **NESTER**'s failures—be they willful, wanton, or otherwise—were a proximate and /or producing cause of Plaintiff's harm and damages.

Due to the dangerous propensity of boiler machinery, the TEXAS BOILER ACT (the "ACT") establishes strict guidelines for authorized inspectors which include at least five years of

experience in construction, installation, inspection, operation, maintenance, or repair of boilers. At the time of the last inspection of the heating boiler, **CONTINENTAL**'s inspector, **NESTER**, admittedly had only four (4) years of boiler inspection experience. Further, the heating boiler had exceeded its expected useful life as determined by the American Society of Heating, Refrigerating and Air-Conditioning Engineers ("ASHRAE") by approximately four (4) years.

Had **CONTINENTAL** and **NESTER** conducted a proper, adequate, or compliant state safety inspection, and had a testing and maintenance evaluation been performed as required by the ACT, **CONTINENTAL**'s contract with BISD and the applicable standards of care, the heating boiler would not have presented a danger to Plaintiff on the date he was exposed to toxic doses of carbon monoxide because the defects would have been discovered and corrected or repaired, or the boiler would have been removed from service ("red tagged") if it could not be returned to a safe operating condition.  s inspector chose to "inspect" the boiler without placing it "in operation" as required by the statute when "feasible," and BISD's corporate representative unequivocally testified it was entirely feasible to do so, it's just that **CONTINENTAL**'s inspector, **NESTER**, never requested it be placed in operation as required by the ACT since it was, indeed, feasible.

The above acts by **CONTINENTAL** and **NESTER** were in disregard of the requirements of the ACT, **CONTINENTAL**'s contract with BISD, Texas common law, and applicable standards of care and were contrary to law.

Plaintiff will show by clear and convincing evidence that the conduct of **CONTINENTAL** and **NESTER** was aggravated by fraud and willful or wanton conduct.

The willful and wanton wrongful acts and omissions of **CONTINENTAL**  its employees, agents, servants, and officers, including **NESTER**, in depriving Plaintiff of a safe place to attend school and other community functions at Marshall Middle School, and in circumventing,

subverting, and evading compliance with the ACT, **CONTINENTAL**'s contract with BISD, Texas common law, and other applicable standards of care are of the kind and nature that should be deterred by an assessment of punitive damages sufficient to prohibit such wrongful disrespect of the law and disregard for human health and safety from being repeated.

Plaintiff suffered serious personal injury and other damages as a direct and proximate result of the foregoing negligence and gross negligence of **CONTINENTAL** and **NESTER** l as follows:

## V. CAUSES OF ACTION

**A.  Negligence**

Plaintiff incorporates the above foregoing allegations herein. Defendants breached the duty they undertook to perform a safety inspection on the Heating Boiler at issue. Defendants failed to perform the inspection in a reasonably prudent manner and wholly failed to perform a testing and maintenance evaluation. These breaches proximately caused Plaintiffs injuries and damages.

**B.  Fraud**

Defendants made representations to Plaintiff, BISD and the public generally, when they submitted their inspection report reflecting an external inspection was made of the Heating Boiler on November 5, 2015 and that no adverse conditions existed. These representations that an external inspection was made of the Heating Boiler on November 5, 2015 and that no adverse conditions existed were material. These representations were false.  When the Defendants made these representations specified herein, Defendants either knew they were false or made them recklessly as a positive assertion without knowledge of their truth. Defendant**s** made the representations specified herein with reason to expect that the Plaintiffs, BISD and the public rely on them**e**. Plaintiffs was a member of a class of people who relied on the representations and Plaintiff's reliance was reasonable. The representations specified herein that an external inspection was made

of the Heating Boiler on November 5, 2015 and that no adverse conditions existed caused the Plaintiffs' injuries and damages including consequential damages.

### C.     Breach of Fiduciary Duty

Plaintiff incorporates the above foregoing allegations herein.

Plaintiff had a fiduciary relationship with the Defendants. Defendants owed Plaintiff an informal fiduciary duty that arises from a moral relationship of trust and confidence due to their position as boiler safety inspectors licensed by the National Board of Boiler and Pressure Vessel Inspectors and the State of Texas. BISD and Plaintiff relied on them to inspect and investigate the condition of the Heating Boiler and cause of the carbon monoxide release on January 28, 2016, honestly and completely. The existence of this fiduciary duty is a question of fact.

Defendants breached their fiduciary duties to Plaintiff by failing to perform an adequate inspection of the Heating Boiler. Defendants breach of their fiduciary duties injured plaintiff by interfering with his rights under the Texas Boiler Act. This breach resulted in Plaintiff's harm and damages and benefitted Defendant **CONTINENTAL** by allowing **CONTINENTAL** to mitigate the negative return on equity it had on its policy with BISD.

### VI.     DAMAGES

Defendants' negligent and grossly negligent conduct described herein has proximately caused Plaintiff to suffer the following damages:

Medical care expenses incurred in the past, medical care expenses that, in reasonable probability, will be incurred in the future, physical pain sustained in the past, physical pain that, in reasonable probability Plaintiff will sustain in the future, mental anguish sustained in the past, mental anguish that in reasonable probability, Plaintiff will sustain in the future, physical impairment sustained in the past and physical impairment Plaintiff will in reasonable probability sustain in the future.

## VI.   EXEMPLARY DAMAGES

Plaintiff's damages resulted from Defendants' gross negligence, malice and/or acutal fraud, which entitles Plaintiffs to exemplary damages under TEXAS CIVIL PRACTICE & REMEDIES code, section 41.003(a).

## VII.   JURY DEMAND

Plaintiffs demand that this case be tried by jury, and that upon final hearing of such evidence that the jury return a verdict in conformity with the evidence in such an amount as within this Court's discretion that is just and reasonable and tender the appropriate fee with this *Petition*.

## VIII.   REQUIRED DISCLOSURES

Plaintiffs serves this notice for Required Disclosures to Defendants under the provisions of RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE. Pursuant to RULE 194, Defendants are required to disclose, within 30 days of filing an answer this petition, the information or material described in RULE 194.2 (a)-(i).

## IX.   RULE 193.7 NOTICE

This is given as notice to the Defendant that Plaintiffs intend to use all of Defendants' discovery responses as evidence at trial in accordance with such right and privileges established by TEXAS RULE OF CIVIL PROCEDURE 193.7.

## X.   RIGHT TO AMEND

Plaintiffs fully reserve the right to amend or supplement this *Petition*.

## XI.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon the trial hereof Plaintiff recover his damages from Defendants, and that Plaintiff recover pre-judgment and post-judgment interest at the rates

provided by law, costs of court, and such other and further relief to which Plaintiff may show himself justly entitled to receive at law or in equity.

Respectfully Submitted,

**THE FERGUSON LAW FIRM, LLP**
3155 Executive Blvd.
Beaumont, Texas 77705
(409) 832-9700
(409) 832-9704 – fax

By: /s/ Jane S. Leger
Jane S. Leger
State Bar No. 00788814
jleger@thefergusonlawfirm.com
vdelarosa@thefergusonlawfirm.com
Mark C. Sparks
State Bar No. 24000273
mark@thefergusonlawfirm.com
Tripp Jones
State Bar No. 24097058
tjones@thefergusonlawfirm.com
**ATTORNEYS FOR PLAINTIFF**
