IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| BRANDON MILLSAPS,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>CONTINENTAL CASUALTY COMPANY,<br>SHANNON NESTER,<br><br>　　　　　　Defendants. | No. 1:23-CV-00147-MJT |

### REPORT AND RECOMMENDATION GRANTING MOTION TO REMAND

　　This case is assigned to the Honorable Michael J. Truncale, United States District Judge. On August 7, 2023, Judge Truncale referred Plaintiff's *Motion to Remand* (Doc. No. 10) to the undersigned United States Magistrate Judge for consideration and disposition. Doc. No. 22.

　　On March 6, 2023, Plaintiff Brandon Millsaps ("Millsaps"), a citizen of Texas, sued Defendants Continental Casualty Company ("Continental"), an Illinois corporation, and Stuart Shannon Nester ("Nester"), a citizen of Texas, in Texas state court. Doc. No. 1. Millsaps alleged three causes of action against both defendants: negligence based on negligent undertaking, fraud, and breach of fiduciary duty. Doc. No. 3 at 8–9; Doc. No. 10 at 4. In resolving the instant *Motion to Remand* (Doc. No. 10), the court must determine whether Millsaps has pled sufficient facts to suggest a reasonable possibility of recovery against Nester for any of his three causes of action, based on the facts alleged in his state court petition and Texas law.

　　After careful review of the filings and applicable law, the undersigned finds that Millsaps alleged sufficient facts showing a reasonable possibility of establishing a negligent undertaking claim against Nester. Millsaps did not do so for his fraud or breach of fiduciary duty claims. Because Millsaps demonstrated a reasonable possibility of recovery against Nester, this court lacks

subject matter jurisdiction because the parties are not completely diverse. Thus, the undersigned recommends granting Millsaps' *Motion to Remand* (Doc. No. 10).

### I.     **Factual and Procedural Background**

Continental is a corporation organized under Delaware law and headquartered in Chicago, Illinois that provides boiler and machinery insurance, boiler inspections, and maintenance evaluations for customers across the United States. Doc. No. 3 at 1. Continental contracted with Beaumont Independent School District ("BISD") to insure the boilers at Marshall Middle School. Doc. No. 10 at 3. Pursuant to this contract, Continental performed testing and maintenance evaluations of the boilers at Marshall Middle School. *Id.* Continental employees certified as authorized inspectors performed these evaluations. *Id.* The boilers were used to heat the school and provide hot water to the school's kitchen and bathrooms. Doc. No. 10 at 3, ¶ 3.

Nester is a citizen of Texas who worked for Continental as an inspector conducting state-required safety inspections of boilers insured by Continental in schools within BISD. Doc. No. 3 at 2. Nester is an authorized Commissioned Inspector licensed by the State of Texas who sits on the Board of Boiler Rules under the Texas Department of Licensing and Regulation as an insurance representative. Doc. No. 10 at 3, ¶ 6.

According to the state court petition, on November 5, 2015, Nester conducted a safety inspection of the boiler at Marshall Middle School on Continental's behalf and subsequently certified to the State of Texas that the boiler was in a safe condition to continue operating for two years. Doc. No. 10 at 4, ¶ 7. On January 28, 2016, that heating boiler emitted dangerous levels of carbon monoxide into the school, causing injury to several students and staff members. Doc. No. 3 at 3. Millsaps was one of the students injured by the toxic fumes. Doc. No. 3 at 3. Millsaps

suffered headaches, lethargy, vomiting, and unconsciousness and currently suffers from delayed complications of permanent brain injuries. Doc. No. 10 at 4.

On March 6, 2023, Millsaps filed his *Original Petition* (Doc. No. 3) in the 58th Judicial District Court, Jefferson County, Texas against Continental and Nester. Doc. No. 10 at 2. On April 3, 2023, Nester filed an answer in state court. *Id.* On April 11, 2023, Continental filed an answer in state court. *Id.* On April 12, 2023, Continental removed the case to this court. *Id.* On May 12, 2023, Millsaps filed the instant *Opposed Motion to Remand*. Doc. No. 10. On May 26, 2023, Continental and Nester filed their *Response*. Doc. No. 15. On June 2, 2023, Millsaps filed his *Reply*. Doc. No. 20. On June 9, 2023, Continental and Nester filed their *Sur-Reply*. Doc. No. 21.

## II. **Legal Standards**

### A. **Diversity Jurisdiction and Removal**

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013); *Energy Mgmt. Servs. LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). Only cases that "could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This Court must presume "that a suit lies outside its limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). To remove a case based on diversity, the diverse defendant must demonstrate that all the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). Under 28 U.S.C. § 1332, there must be complete diversity of citizenship between all plaintiffs and all defendants and the amount in

3

controversy must exceed $75,000, exclusive of interests and costs. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018).

### B. Improper Joinder Doctrine

To establish a claim for improper joinder, the party seeking removal must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Mumfrey*, 719 F.3d at 401. Here, Continental asserts only the second basis for improper joinder. Regarding the second basis, courts consider "whether the defendant has demonstrated that there is *no* possibility of recovery by the plaintiff against an in-state defendant." *Smallwood*, 385 F.3d at 573 (emphasis added). Put differently, the defendant must show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* A finding of improper joinder allows federal courts to disregard the citizenship of improperly joined, in-state defendants, dismiss them from the case, and exercise subject matter jurisdiction over the remaining diverse defendants. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

The defendant's burden of demonstrating improper joinder is a heavy one. *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). Courts apply the Federal Rule of Civil Procedure 12(b)(6) standard to the allegations in a plaintiff's state court complaint when analyzing improper joinder claims. *Smallwood*, 385 F.3d at 573. If the complaint can survive a Rule 12(b)(6) challenge, there is no improper joinder. *Id.* The court must focus on the original state court petition in applying the 12(b)(6) standard. *Mumfrey*, 719 F.3d at 401. Courts view "all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

The Rule 12(b)(6) inquiry for improper joinder analyzes whether a complaint includes sufficient factual allegations "to state a claim to relief [against the in-state defendant] that is plausible on its face." *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations need only be "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Where the defendant maintains that federal jurisdiction is proper, as Continental does here, any "contested factual issues and ambiguities of state law" must be resolved in favor of remand. *Allen*, 907 F.3d at 184. Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014). If even a single valid cause of action exists against a non-diverse defendant, despite the pleading of other unavailing claims, the entire case must be remanded to state court. *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

### III.   Discussion

Millsaps alleges three causes of action against Continental and Nester: negligence, fraud, and breach of fiduciary duty. Doc. No. 3 at 8–9. Continental, as the removing party, has the heavy burden of establishing that Millsaps has *no* possibility of recovery for any of the three causes of action against Nester based on the allegations in Millsaps' state court petition and Texas law. *Smallwood*, 385 F.3d at 573. The undersigned will consider each of Millsaps' three claims against Nester in turn.

### A. Negligent Undertaking

Millsaps alleges a negligence claim against Nester, relying on a theory of negligent undertaking. Doc. No. 3 at 8. Under Texas law, a defendant is liable for negligent undertaking only if: "(1) the defendant undertook to perform services that it knew or should have known were necessary for the plaintiff's protection; (2) the defendant failed to exercise reasonable care in performing those services; and [3] either (a) the plaintiff relied upon the defendant's performance, or (b) the defendant's performance increased the plaintiff's risk of harm." *Nall v. Plunkett*, 404 S.W.3d 552, 555–56 (Tex. 2013); *see also* RESTATEMENT (SECOND) OF TORTS § 324A (Am. Law Inst. 1965).

The parties principally dispute whether Nester owed Millsaps an independent duty of reasonable care when conducting the boiler inspection. Doc. No. 15 at 9, ¶ 21; Doc. No. 10 at 9, ¶ 23. Millsaps alleges in his state court petition that Nester owed him a duty of reasonable care based on the Texas Boiler Laws[1], Continental's contract with BISD, Texas common law, and Continental's undertaking to provide boiler inspections. Doc. No. 3 at 4. Further, Millsaps alleges that Continental and Nester "breached its [sic] duties owed to students, staff, and the community at Marshall Middle School under the ACT[2], Texas common law, and under any other applicable standards of care." Doc. No. 3 at 5. Millsaps contends that he alleged both the duty and breach elements of his negligent undertaking claim and thus, Continental cannot show that Millsaps has *no* reasonable possibility of recovery. Doc. No. 10 at 11–13, ¶¶ 28–30.

---

[1] In his petition, Millsaps repeatedly references the Texas laws regulating the care and inspection of boilers as one statutory source of a negligence duty. *See* TEX. HEALTH & SAFETY CODE ANN. § 755 *and* 16 TEX. ADMIN. CODE, § 65.51. *See also* Doc. No. 10 at 10, ¶ 26.

[2] The "ACT" is a reference to the same statutes listed in footnote 1.

Continental disagrees. First, Continental contends Millsaps failed to establish a reasonable possibility of recovery on his negligent undertaking claim against Nester because he only asserted sources of duty that apply to Continental, not Nester. Doc. No. 15 at 10, ¶ 24. Second, Millsaps has not shown that Nester owed a duty to him independent of any duty that Continental owed, which was required for Millsaps to establish a negligent undertaking claim. *Id.* at 11, ¶ 26. Thus, Millsaps failed to sufficiently plead the existence of a duty of care owed to him by Nester. *Id.* at 14, ¶ 32.

Continental is incorrect that Millsaps only asserted sources of duty that apply to Continental and not Nester individually. In his state court petition, Millsaps pled several sources of duty: "the ACT [Texas State Boiler Law and Rules], Texas common law, and under any other applicable standards of care." Doc. No. 3 at 5. Of these alleged sources of duty, the undersigned is persuaded that Texas common law recognizes an independent duty of care under a negligent undertaking theory in factual situations similar to the one here.

Independent duties of reasonable care can arise in different contexts. *In re Butt*, 495 S.W.3d 455, 466 (Tex. App.—Corpus Christi-Edinburg, 2016, no pet.). "The critical inquiry concerning the duty element of a negligent-undertaking theory is whether a defendant acted in a way that requires the imposition of a duty where one otherwise would not exist." *Nall*, 404 S.W.3d at 555. It is well-established under Texas law that "a corporation's employee is personally liable for tortious acts which he directs or participates in during his employment." *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984). In *Leitch v. Hornsby*, the Texas Supreme Court affirmed this rule, holding that "[a] corporate officer or agent can be liable to others, including other company employees, for his or her own negligence." 935 S.W.2d 114, 117 (Tex. 1996). However, the court clarified that "individual liability arises only when the officer or

agent owes an independent duty of reasonable care to the injured party apart from the employer's duty."[3] *Id.* The main issue here is whether Millsaps sufficiently pled that Nester, an employee of Continental, owed and breached an independent duty of care owed to Millsaps under Texas law. *See* Doc. No. 10 at 10–11; Doc. No. 15 at 9. Any duty of care Nester owes to Millsaps must be independent of any duty Continental owes to Millsaps. *See Leitch*, 935 S.W.2d at 117.

In deciding whether an independent duty applies in negligent undertaking cases, Texas courts often apply the "personal involvement test." *Curry v. Lubrizol Corp.*, No. 4:22-CV-03735, 2022 WL 17811395, at *3 (S.D. Tex. Dec. 19, 2022). This test asks whether the allegedly tortious conduct was directly and personally committed by an employee who is joined in the lawsuit. Courts "distinguish between cases controlled by *Leitch* and *Tri*—where a supervisor who played no direct and personal role in the challenged conduct is sued—and those in which a personal duty arises—where the joined employee was directly and personally involved in the alleged tort." *Salcedo v. Albertson's LLC*, No. EP-19-CV-137-KC, 2019 WL 13194255, at *4 (W.D. Tex. Nov. 7, 2019). An independent duty of care arises for employees directly and personally involved in the conduct, but does not for employees who played no personal role in the conduct. *Id.* No binding authority has explicitly rejected the personal involvement test, the test has been applied by numerous other courts for more than 15 years, and the Fifth Circuit requires that ambiguities of state law be resolved in the plaintiff's favor when considering a motion to remand. *Curry*, No. 4:22-CV-03735, 2022 WL 17811395, at *4.

For instance, in *Guzman v. Cordero*, the court held that a vehicle technician who performed a vehicle inspection on the plaintiff's vehicle may have owed a duty of care to the plaintiffs

---

[3] The court in *Leitch* illustrated this with an example: "an agent whose negligence causes an auto accident may be held individually liable along with his or her employer when driving in the course and scope of employment. . . . Because the agent owes a duty of reasonable care to the general public regardless of whether the auto accident occurs while driving for the employer, individual liability may attach." *Leitch*, 935 S.W.2d at 117.

independent of the duty his employer owed. 481 F. Supp. 2d 787, 790 (W.D. Tex. 2007). Unlike the corporate officer defendants in *Leitch*, in *Guzman*, the technician "was directly and personally involved in conduct that allegedly caused Plaintiff's injuries because [the technician] actually performed the services in question." *Id.* Further, it is well-settled in Texas that "an individual undertaking to provide services to another, either gratuitously or for compensation, owes a duty of reasonable care." *Id.* (citing *Torrington Co. v. Stutzman,* 46 S.W.3d 829, 837–38 (Tex. 2000)). Thus, the possibility that a duty existed was sufficient to grant the plaintiff's motion to remand and defeat defendant's claim of improper joinder. *Id.*

Other federal district courts in Texas have granted motions to remand involving negligence claims brought against both corporate employers and their employees who were personally involved in the allegedly tortious conduct. *See*, *e.g.*, *Gonzalez v. Wal-Mart Stores Texas, LLC*, No. 2:13-CV-65, 2013 WL 1827924, at *3 (S.D. Tex. Apr. 30, 2013) (holding that defendants failed to sustain burden of showing no possibility of plaintiffs' recovery under Texas law where individual Wal-Mart employees actively inspected and serviced a vehicle); *Alexander v. Lincare Inc.*, No. CIV A 3:07-CV-1137-D, 2007 WL 4178592, at *3–5 (N.D. Tex. Nov. 27, 2007) (finding independent duty of care where medical equipment technician personally inspected the equipment); *Land v. Wal-Mart Stores of Texas, LLC*, No. SA-14-CV-009-XR, 2014 WL 585408, at *4 (W.D. Tex. Feb. 13, 2014) (finding independent duty of care where individual store employee personally operated a floor cleaning machine that created a dangerously wet floor that caused plaintiff to slip and fall).

Applying the personal involvement test here, the undersigned finds that Millsaps pled sufficient plausible facts that Nester owed and breached a duty of care to Millsaps and all other individuals in the school when conducting the boiler inspection. In his state court petition,

9

Millsaps alleged that Continental, through its inspector Nester, conducted the inspection on the boiler in Marshall Middle School and certified to the State of Texas, BISD, and Marshall Middle School that the boiler machinery was safe for use. Doc. No. 3 at 4–6. Unlike in *Leitch*, where the corporate officers had no direct personal involvement in the plaintiff's injury, here, Nester was directly and personally involved in the underlying conduct—he personally conducted the inspection on the boiler in Marshall Middle School. *See id.* at 4. Thus, Millsaps alleged sufficient facts that likely implicate an independent duty of care that Nester owed to Millsaps under Texas law.

Finally, Continental also contends that a negligent undertaking duty arises under the RESTATEMENT (SECOND) OF TORTS § 324A only where the defendant "voluntarily" undertakes to perform services to another, and here, Nester did not voluntarily undertake to provide services. Doc. No. 13 at 13, ¶ 30. Nothing in the Restatement or Texas case law states that an undertaking cannot be part of an employment contract. Rather, the Restatement and cases mention only that a person who undertakes, "gratuitously *or for consideration*," to render services to another must exercise reasonable care in doing so.[4] *See id.* (emphasis added); *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 151 (Tex. 2022) (mentioning a "voluntary undertaking" without explicitly requiring that an actor "volunteer" his services); *Torrington*, 46 S.W.3d at 837 (recognizing that "a duty to use reasonable care may arise when a person undertakes to provide services to another, either gratuitously *or for compensation*") (emphasis added). Continental is incorrect that the

---

[4] Comment (d) of the Restatement provides additional guidance regarding an undertaking duty owed to a third person, as is the case here. The comment provides: "Even where the negligence of the actor does not create any new risk or increase an existing one, he is still subject to liability if, by his undertaking with the other, he has undertaken a duty which the other owes to the third person." RESTATEMENT (SECOND) OF TORTS § 324A, cmt. d (Am. Law Inst. 1965). The comment also provides a helpful example: "The A Telephone Company employs B to inspect its telephone poles. B negligently inspects and approves a pole adjoining the public highway. Because of its defective condition the pole falls upon and injures a traveler upon the highway. B is subject to liability to the traveler." *Id.* This example is directly analogous to the facts here.

Restatement requires that a defendant "voluntarily" undertake to perform services to impose a duty of reasonable care.

In sum, for an improper joinder claim, it is the defendant's heavy burden to show that the plaintiff has no reasonable possibility of recovery under Texas state law. Regarding Millsaps' negligent undertaking claim, Continental failed to sustain its burden of showing no reasonable possibility of recovery. Moreover, the Fifth Circuit specifically emphasized that "any contested issues of facts and any ambiguities of state law must be resolved in favor of remand" when considering a motion to remand. *African Methodist*, 756 F.3d at 793. The undersigned finds that Millsaps pled sufficient facts to support imposing a duty on Nester. However, even if Texas law is ambiguous on this issue, the court must decide this issue in favor of remand. Accordingly, Millsaps' instant *Motion to Remand* (Doc. No. 10) should be **GRANTED**.

### B. Fraud Claim

Millsaps also asserts a fraud claim against Nester. Doc. No. 3 at 8–9. Under Texas law, the elements of fraud are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009). The fifth element has two requirements: the plaintiff must show that (1) it actually relied on the defendant's representation and (2) that such reliance was justifiable. *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018). Here, the parties principally dispute whether Millsaps actually relied on

Nester's representation regarding the safety of the boiler. *See* Doc. No. 15 at 20–21, ¶¶ 47–48; Doc. No. 10 at 18–20.

For improper joinder claims, courts generally apply the 12(b)(6) standard to determine whether a plaintiff has pled sufficient facts showing they are entitled to relief. However, fraud must be pled in accordance with the additional heightened pleading requirements of Federal Rule of Civil Procedure 9(b) because federal courts apply federal pleading standards when evaluating improper joinder claims. *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 208. Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud." FED R. CIV. P. 9(b). Accordingly, to survive a motion to dismiss, a party alleging fraud must, at minimum, plead the "who, what, when, where, and how" of the alleged fraud. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997). Courts interpret Rule 9(b) strictly, "requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Webb v. Everhome Mortg.*, 704 F. App'x 327, 329–30 (5th Cir. 2017) (internal quotations omitted).

Continental contends that Millsaps failed to establish that he actually relied on Nester's alleged misrepresentations. Doc. No. 15 at 20, ¶ 47. According to Continental, the petition does not allege that Millsaps was aware of Nester's representations nor what specific actions Millsaps took in reliance on the representations. *Id.* Rule 9(b)'s particularity requirement applies to allegations of actual reliance. *See Sanchez v. Liggett & Myers, Inc.*, 187 F.3d 486, 491 (5th Cir. 1999). Thus, a plaintiff must plead specific facts demonstrating that the defendant *intended* that the plaintiff receive and rely upon the defendant's representation and that the plaintiff *actually received and relied* upon that representation. *In re Enron Corp. Sec., Derivative & Erisa Litig.*, 762 F. Supp. 2d 942, 967 (S.D. Tex. 2010) (emphasis in original). Put differently, "[F]raud does

12

not exist unless the defendant's representations induced the plaintiff to take a particular course of action." *Bohnsack v. Varco, L.P.*, 668 F.3d 262, 274 (5th Cir. 2012).

To satisfy Rule 9(b), Millsaps needed to present legally sufficient allegations of *actual* reliance on Nester's alleged misrepresentation. *Allstate Ins. Co. v. Receivable Fin. Co.*, 501 F.3d 398, 411 (5th Cir. 2007). Here, Millsaps has not pled any facts indicating that he *actually received* Nester's representation that the boiler was in proper working order. Rather, Plaintiff's petition only generally alleges that "Plaintiffs [sic] was a member of a class of people who relied on the representations and Plaintiff's reliance was reasonable." Doc. No. 3 at 8. This is not enough to satisfy the requirements of Rule 9(b). *See, e.g.*, *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 388 F. Supp. 2d 780, 785 (S.D. Tex. 2005) (holding that plaintiffs failed to provide factual allegations demonstrating actual reliance upon [defendant's] financial reports or recommendations). Thus, Millsaps has not properly pled the reliance element with sufficient particularity and his fraud claim does not satisfy Rule 9(b).

Additionally, Continental contends that Millsaps has not pled sufficient facts regarding the intent element of his fraud claim to satisfy the requirements of Rule 9(b). Doc. No. 15 at 21. Rule 9(b) allows intent to be averred generally, but simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b). *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994). A plaintiff must set forth specific facts supporting an inference of fraud. *Id.* For instance, "[f]acts that show a defendant's motive to commit the fraud may sometimes provide a factual background adequate for an inference of fraudulent intent." *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 385 (5th Cir. 2003). "[S]imple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008).

13

Here, Millsaps contends that "[d]efendants made the representations specified herein with reason to expect that the Plaintiffs, BISD and the public rely on theme [sic]." Doc. No. 3 at 8. Millsaps' petition contains no other facts regarding intent. Thus, he failed to plead the intent element of his common law fraud claim with sufficient particularity to satisfy Rule 9(b).

In sum, Continental successfully met its burden of showing that Millsaps has no reasonable possibility of recovery for fraud against Nester because he has not pled the reliance or intent elements with the factual particularity that FED. R. CIV. P. 9(b) requires.

### C. Breach of Fiduciary Duty Claim

Finally, Millsaps asserts a claim for breach of fiduciary duty against Nester. Doc. No. 3 at 9. Under Texas law, "the elements of a claim for breach of fiduciary duty are (1) the existence of a fiduciary duty, (2) breach of the duty, (3) causation, and (4) damages." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017). The parties dispute the first element—whether Millsaps has alleged sufficient facts showing the existence of a fiduciary duty recognized under Texas law. "To recover on a breach of fiduciary duty claim, the plaintiff must first establish the existence of a duty, that is, the existence of a fiduciary relationship." *Gregan v. Kelly*, 355 S.W.3d 223, 227 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

Texas courts recognize two types of fiduciary relationships. *See Meyer v. Cathey*, 167 S.W.3d 327, 330–31 (Tex. 2005). The first is a "formal fiduciary relationship, such as an attorney-client, principal-agent, or trustee-beneficiary relationship." *Gregan*, 355 S.W.3d at 227. The second is "an informal fiduciary relationship, where one person trusts in and relies on another, whether the relation is a moral, social, domestic, or purely personal one." *Id.* (internal quotations omitted).

Millsaps alleges only an informal fiduciary relationship between him and Nester. Doc. No. 3 at 9. He contends that Nester owed him "an informal fiduciary duty that arises from a moral relationship of trust and confidence due to his position as boiler safety inspector commissioned by the National Board of Boiler and Pressure Vessel Inspectors and the State of Texas." Doc. No. 10 at 22, ¶ 48; Doc. No. 3 at 9. Specifically, Millsaps contends that he, "as a student in a public school, was accustomed to being guided by the safety determinations made by State-Commissioned Inspector Defendant Nester and justifiably relied on the belief that [Nester] would act in his interest." Doc. No. 10 at 22. Continental responds that Millsaps "alleges no relationship with Nester at all, let alone facts showing a theoretical relationship with Nester 'imbued with special characteristics' that would give rise to an informal fiduciary relationship." Doc. No. 15 at 17, ¶ 38.

A fiduciary relationship is an extraordinary one and will not be lightly created. *Hoggett v. Brown*, 971 S.W.2d 472, 488 (Tex. App.—Houston [14th Dist.] 1997, pet. denied). "It is well settled that not every relationship involving a high degree of trust and confidence rises to the stature of a fiduciary relationship." *Meyer*, 167 S.W.3d at 330 (internal quotations omitted). An informal fiduciary relationship requires proof that, because of a close or special relationship, the plaintiff "is in fact accustomed to [being] guided by the judgment or advice" of the other. *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1962). To establish the existence of an informal fiduciary relationship, the record must show that one of the parties relied on the other "for moral, financial, or personal support or guidance." *Trostle v. Trostle,* 77 S.W.3d 908, 915 (Tex. App.—Amarillo 2002, no pet.). "The mere fact that one party subjectively trusts another does not, alone, indicate that confidence is placed in another in the sense demanded by fiduciary relationships because something apart

from the transaction between the parties is required." *Rawhide Mesa-Partners, Ltd. v. Brown McCarroll, L.L.P.*, 344 S.W.3d 56, 61 (Tex. App.—Eastland 2011, no pet.).

Here, Millsaps has not alleged any facts in his state court petition suggesting a close or special relationship between himself and Nester that would give rise to an informal fiduciary relationship. Millsaps pled no facts indicating that he was actually aware of or relied on the boiler inspection report submitted by Nester. Additionally, Millsaps has not pled facts establishing that he knew who Nester was or had ever met Nester, let alone that he and Nester had a close and personal relationship sufficient to establish a fiduciary duty. Rather, Millsaps only generally alleges that "Defendants owed Plaintiff an informal fiduciary duty that arises from a moral relationship of trust and confidence due to their position as boiler safety inspectors . . . BISD and Plaintiff relied on them to inspect and investigate the condition of the Heating Boiler and the cause of the carbon monoxide release." Doc. No. 3 at 9. This is not enough to establish an informal fiduciary relationship. *See*, *e.g.*, *Lee v. Hasson*, 286 S.W.3d 1, 15 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (identifying the "rare example" of "extraordinary facts" showing an informal fiduciary relationship where plaintiff and defendant "shared a long-standing business relationship and a close personal family relationship well beyond casual friendship and that plaintiff relied on defendant for moral, financial, and personal guidance or support"). Millsaps has not pled sufficient facts to suggest a close personal relationship of trust and confidence, and thus, fails to plead the existence of an informal fiduciary duty.

In sum, Continental successfully met its burden of showing that Millsaps has no reasonable possibility of recovery for breach of fiduciary duty against Nester because he has not pled sufficient facts to suggest the existence of an informal fiduciary relationship between himself and Nester.

## IV.   Conclusion

Continental failed to sustain its burden to show that there is no possibility that Millsaps can establish a cause of action for negligent undertaking against Nester, an in-state defendant, in Texas state court.  Continental sustained its burden regarding Millsaps' fraud and breach of fiduciary duty claims.  Accordingly, because Millsaps pled sufficient facts to establish a reasonable possibility of recovery on at least one claim against Nester and the parties are not diverse, the undersigned recommends **GRANTING** Plaintiff Brandon Millsaps' *Motion to Remand*.  Doc. No. 10.

## V.   Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation.  Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length.  *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); E.D. Tex. Civ. R. CV-72(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within fourteen (14) days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States

District Judge.  *See Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 20th day of December, 2023.

_____
Zack Hawthorn
United States Magistrate Judge