IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| BRANDON MILLSAPS, | § | |
| *Plaintiff*, | § § § | CIVIL ACTION NO. 1:23-CV-00147-MJT |
| v. | § § | |
| CONTINENTAL CASUALTY COMPANY, SHANNON NESTER, | § § § § | JUDGE MICHAEL TRUNCALE |
| *Defendants*. | § § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

On August 7, 2023, the Court referred Plaintiff Brandon Millsaps ("Millsaps")'s Motion to Remand [Dkt. 10] to United States Magistrate Judge Zack Hawthorn for consideration and disposition. [Dkt. 22]. On December 20, 2023, Judge Hawthorn issued his Report and Recommendation, which recommends granting Millsaps's Motion to Remand. [Dkt. 27]. On January 3, 2024, Defendant Continental Casualty Company ("Continental") filed Objections to the Magistrate Judge's Report and Recommendation. [Dkt. 28]. On January 11, 2024, Millsaps filed his Response to Defendant's Objections. [Dkt. 29].

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); FED. R. CIV. P. 72(b)(2)–(3). The Court has conducted a *de novo* review of Judge Hawthorn's Report and Recommendation and has carefully considered Continental's objections. The Court finds that Judge Hawthorn's findings and conclusions of law are correct and that Continental's objections are without merit. Judge Hawthorn correctly concluded that Continental did not meet its heavy burden of showing that

Millsaps has no reasonable possibility of recovery under Texas state law regarding his negligent undertaking claim. The Court will discuss Continental's objections in turn.

I.     DISCUSSION

    **1. <u>Objection 1</u>: Judge Hawthorn improperly applied a two-step analysis regarding the existence of a duty for a negligent undertaking claim: (1) an employee must owe an independent duty apart from his employer and (2) the employee must be directly and personally involved in the negligent conduct.**

First, Continental contends that Judge Hawthorn improperly analyzed the "independent duty requirement" established by the Texas Supreme Court in *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). [Dkt. 28 at 4, ¶ 7]. Continental contends that "nowhere in *Leitch* is there any suggestion that an employee's personal involvement satisfies the requirement that the employee 'owe an independent duty of reasonable care to the injured party apart from the employer's duty.'" *Id.* Specifically, Continental contends that Judge Hawthorn improperly concluded that "an employee's personal involvement always creates a separate and independent duty owed by the employee," whereas the proper analysis of the rule announced in *Leitch* requires a two-step analysis. *Id.* First, "the employee must owe an independent duty apart from his employer," and second, "the employee must be directly and personally involved in the negligent conduct." *Id.* at 4–5. Continental contends that Judge Hawthorn improperly conflated this "two-step analysis" into a single element. [Dkt. 28 at 5, ¶ 7].

The Court finds that Judge Hawthorn's analysis of the independent duty rule under Texas law is correct. The Court also finds that Continental is incorrect that *Leitch* establishes a "two-step analysis." Judge Hawthorn correctly stated that in *Leitch*, the Texas Supreme Court held that "[a] corporate officer or agent can be liable to others, including other company employees, for his or her own negligence. However, individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." [Dkt.

2

27 at 7–8] (citing 935 S.W.2d at 117).  In *Leitch*, the employee-defendants owed no independent duty to the plaintiff because the duty to provide a safe workplace—the basis for liability there—is a non-delegable duty owed only by the employer.  *Id.* at 118.  The duty to provide a safe workplace could *only* attach to the employer, and thus, the court's holding was not affected by whether the employee-defendants were personally involved in the alleged tortious conduct.  While *Leitch* generally establishes the independent duty rule, it does not address whether an employee's personal involvement in allegedly tortious conduct affects whether an independent duty of care exists.  Thus, *Leitch* does not demand the "two-step analysis" Continental suggests.

Judge Hawthorn correctly noted that "[i]t is well-established under Texas law that 'a corporation's employee is personally liable for tortious acts which he directs or participates in during his employment.'"  [Dkt. 27 at 7] (citing *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984)).  Additionally, Judge Hawthorn correctly identified several federal district court cases interpreting this rule and finding that an independent duty of care may arise where an employee is personally involved in the conduct allegedly causing injury.  *Id.* at 8–9.  Millsaps alleged that "Texas common law" was one source of the duty that Nester owed to him.  *Id.* at 6.  Millsaps also alleged that Nester personally conducted the inspection on the boiler at Marshall Middle School.  *Id.* at 9–10.  Based on these allegations, Judge Hawthorn correctly concluded that Nester potentially owed an independent duty of care to Millsaps under Texas common law.  *Id.* at 10.

In assessing Continental's improper joinder arguments, the Court does not definitively conclude whether a duty exists.  Rather, the Court evaluates whether Continental has met its heavy burden to show improper joinder: Continental must demonstrate that "there is *no* possibility of recovery by the plaintiff against an in-state defendant."  *Smallwood v. Illinois Cent. R. Co.*, 385

3

F.3d 568, 573 (5th Cir. 2004) (emphasis added).  The cases interpreting Texas law identified by Judge Hawthorn in his Report show that there is at least some reasonable possibility that a court could find that Nester owed personal duties to Millsaps arising out of the inspection he personally undertook, independent of Continental's duties.  A reasonable possibility of the existence of a duty is sufficient to defeat Continental's allegations of improper joinder.  The Court agrees with Judge Hawthorn's conclusion that Continental has failed to meet its burden of showing that Millsaps has no possibility of recovery under a negligent undertaking theory.  Accordingly, Continental's first objection is overruled.

2. **Objection 2: Any duty owed by Nester was dependent on and derivative of Continental's duty, not an independent duty apart from the employer's duty as required by *Leitch*.**

Second, Continental contends that Judge Hawthorn improperly relied on Millsaps' allegation that Nester "personally conducted the inspection on the boiler in Marshall Middle School" as evidence that Nester owed a separate and independent duty.  [Dkt. 28 at 5, ⁋ 8]. Continental contends that the proper conclusion was that any duty owed by Nester was necessarily derivative of his employer's duty.  *Id.*

Judge Hawthorn correctly identified several cases holding that a personal duty may arise for an employee whose personal conduct directly causes injury.  The Court agrees with Judge Hawthorn's conclusion that the facts here establish the possibility that an independent duty of care exists under Texas law.  Because the facts alleged in Millsaps' state court petition and the cases identified by Judge Hawthorn establish this possibility, the Court agrees that Continental has failed to meet its burden to show improper joinder.

Additionally, Continental identifies a recent Fifth Circuit case not addressed in Judge Hawthorn's Report.  Continental contends that in *Guijarro v. Enterprise Holdings, Inc.*, though the

4

employee was personally involved in the conduct at issue, the employee's duty flowed from being the company's agent and was thus not independent of the employer's duty. [Dkt. 25 at 5, ¶ 8] (citing 39 F.4th 309, 315 (5th Cir. 2022)). Continental correctly states the holding in *Guijarro*, but this holding does not overrule the multiple cases identified in Judge Hawthorn's report finding that an employee's personal involvement in conduct causing injury suggests the possibility of an independent duty.

In *Guijarro*, the defendant-employee worked for a rental car company and was responsible for renting a car to the plaintiff. *Id.* at 312–13. The plaintiff was later injured in a collision allegedly due to the rental car's faulty brakes. *Id.* at 312. The defendant-employee was a customer service representative who handled the rental transaction and did not personally service the vehicle's brakes, which was the source of the negligence claim. *Id.* at 313. Therefore, the defendant-employee did not have an independent duty to the plaintiff apart from their employer's duty based on facilitating the rental transaction alone. *Id.* at 313, 315. This is distinguishable from the facts here, where Millsaps alleged that Nester personally conducted the boiler inspection, which is the source of his negligent undertaking claim. *Guijarro* does not alter Judge Hawthorn's conclusion regarding the possibility that an independent duty exists here under Texas common law. Accordingly, Continental's second objection is overruled.

    **3. Objection 3: Judge Hawthorn failed to identify conduct by Nester that is different from the conduct forming the basis of Continental's liability.**

Third, Continental contends that Judge Hawthorn's conclusion "about Nester's personal involvement is based simply on Plaintiff's allegation that Nester personally performed the boiler inspection, which is the same basis as the claim against Continental." [Dkt. 28 at 5, ¶ 9]. Continental further contends that "[a] petition that alleges identical negligence by both the employee and employer does not allege a sufficient cause of action against the employee" and cites

5

two federal district court cases and one Texas appellate court case for this proposition. *Id.* at 5–6. These cases establish no such rule, and each case cited by Continental is distinguishable from the facts here.

First, in *Scheaffer v. Albertson's, LLC*, the plaintiff was a repairman working on a refrigeration system in a grocery store who sued the store's maintenance supervisor after a pipe in the store ruptured and severely injured him. No. CV H-21-2326, 2021 WL 4822159, at *1 (S.D. Tex. Oct. 15, 2021). The plaintiff there made no allegation that the maintenance supervisor was personally involved in the alleged tortious conduct. Rather, the plaintiff alleged that the supervisor's "inaction and lack of oversight" led to his injuries. *Id.* This is not the same type of personal involvement in the tortious conduct alleged by Millsaps or in the cases identified by Judge Hawthorn.

Second, in *Fields v. Brown*, the plaintiffs were employees of a meatpacking plant and sued their employer and three supervisory employees, alleging unsafe practices that led to the plaintiffs contracting COVID-19. No. 6:20-CV-00475, 2021 WL 2819762, at *1 (E.D. Tex. Feb. 11, 2021). The court held that the employer owed a non-delegable duty to provide a safe workplace for its employees, and therefore, the supervisory employee-defendants could not be held liable because this duty ran only to the employer. *Id.* at *3. Thus, just as in *Leitch*, it did not matter whether the supervisory employee-defendants were personally involved in the alleged tortious conduct because the duty at issue could not possibly have extended to them. *Fields* does not assess the type of personal involvement in alleged tortious conduct that Millsaps has alleged here.

Finally, in *In re Butt*, the plaintiff sued a grocery store and four of its corporate officials for negligence after the plaintiff slipped and fell while shopping at the grocery store. 495 S.W.3d 455, 458 (Tex. App.—Corpus Christi-Edinburg, 2016, no pet.). The court held that the corporate

officials did not owe an independent duty of care to the plaintiffs because the plaintiff did not allege that the corporate officials committed tortious acts "or that they personally created the allegedly dangerous condition at issue . . . a wet floor." *Id.* at 466. Unlike the plaintiff in *In re Butt*, here, Millsaps alleged that Nester personally committed negligence when conducting the inspection of the boiler.

At best, these cases identified by Continental further highlight the ambiguity in Texas law recognized by Judge Hawthorn in his Report: "Courts 'distinguish between cases controlled by *Leitch* and *Tri*—where a supervisor who played no direct and personal role in the challenged conduct is sued—and those in which a personal duty arises—where the joined employee was directly and personally involved in the alleged tort.'" [Dkt. 27 at 8]. Regardless of whether Millsaps' negligent undertaking claim is ultimately viable, the fact that a reasonable possibility of recovery exists under the "personal involvement" line of cases identified by Judge Hawthorn means that Continental has not met its burden in showing improper joinder. Furthermore, it is well-established in the Fifth Circuit that any "contested factual issues and ambiguities of state law" must be resolved in favor of remand. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018). The Court finds that there is sufficient ambiguity in Texas law regarding whether an independent duty exists based on the facts alleged by Millsaps to warrant remand of this case. Accordingly, Continental's third objection is overruled.

4. **Objection 4: Judge Hawthorn's analysis is inconsistent with the Court's application of the *Leitch* principles in *Dougay v. Dolgencorp of Texas, Inc.***

Fourth, Continental contends that Judge Hawthorn's Report is inconsistent with this Court's application of the *Leitch* principles in *Dougay v. Dolgencorp of Texas Inc.*, No. 1:19-CV-00419, 2019 WL 13141530, at *2 (E.D. Tex. Nov. 21, 2019). [Dkt. 28 at 6, ¶ 10]. This is incorrect. *Dougay* is distinguishable from the facts here because in that case, the plaintiff sued a store

manager for negligence after the plaintiff slipped and fell at the store. *Id.* at *1. The plaintiff alleged the manager was negligent in training and managing employees but did not allege that the manager was personally involved in handling the shopping cart that the plaintiff tripped over. *Id.* at *3. In fact, the manager was not even present at the store during the alleged incident. *Id.* at *1. Thus, this Court found that the defendant manager owed no independent duty to the plaintiff. *Id.* at *3. In contrast, here, Millsaps has alleged that Nester personally conducted the boiler inspection that forms the basis of his negligence claims. Accordingly, Continental's fourth objection is overruled.

> 5. **Objection 5:** Millsaps' claims against Nester do not satisfy the *Leitch* and *Tri* standards for employee liability because Nester did not have direct contact or provide a service directly to Millsaps.

Fifth, Continental contends that because Continental and Nester provided boiler inspection services to Beaumont Independent School District ("BISD"), and not Millsaps directly, Millsaps' allegations do not satisfy the *Leitch* and *Tri* standards for employee liability. [Dkt. 28 at 8, ¶ 13]. Continental does not cite any binding authority for the proposition that an employee-defendant must provide services directly to a plaintiff for an independent duty to attach, nor can the Court locate any such authority. Accordingly, Continental's fifth objection is overruled.

## II. CONCLUSION

In conclusion, the Court finds that the findings of fact and conclusions of law of the United States Magistrate Judge are correct. It is, therefore, ORDERED that Judge Hawthorn's Report and Recommendation granting Plaintiff's Motion to Remand [Dkt. 27] is ADOPTED. Accordingly, Plaintiff's Motion to Remand [Dkt. 10] is GRANTED. This case is therefore REMANDED to the 58th Judicial District Court of Jefferson County, Texas.

**SIGNED this 26th day of March, 2024.**

_Michael J. Truncale_
Michael J. Truncale
United States District Judge